**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:22-CR-00127-JDK-KNM** |
| **vs.** | § | |
| | § | |
| | § | |
| **KOURY LYLE NOWELL (3)** | § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On November 3, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Carlo D'Angelo.

***Background***

After pleading guilty to the offense of Possession with Intent to Distribute and Distribution of Five Grams or More, but Less Than 50 Grams of Actual Methamphetamine, a Class B felony, United States District Judge Jeremy D. Kernodle sentenced Defendant Koury Lyle Nowell on September 20, 2023. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of II, was 41 to 51 months. The Court granted a variance and sentenced Defendant to an imprisonment term of 33 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, alcohol abstinence, substance abuse testing and treatment, and mental health treatment. Defendant completed his term of imprisonment and started his term of supervised release on December 30, 2024. The Court modified Defendant's conditions on July 27, 2026 to include inpatient treatment.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on August 17, 2026, United States Probation Officer Cristian Duran alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted urine specimens that tested positive for methamphetamine on June 25, 2025; August 1, 2025; April 22, 2026; and June 10, 2026. It is also alleged that Defendant admitted to the U.S. Probation Officer on July 13, 2026 that he had recently used methamphetamine in the last couple of days.

2. **Allegation 2 (special condition): The defendant must reside at and participate in treatment through Cenikor as instructed by the U.S. Probation Office and he must follow the rules and regulations of the program until successful completion of the program has been met.** It is alleged that Defendant entered inpatient treatment at Cenikor on August 6, 2026. On August 10, 2026, the probation office received notification that Defendant left the facility against professional advice and did not successfully complete the treatment program.

3. **Allegation 3 (special condition): The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program.** It is alleged that Defendant failed to report to the drug testing site on August 6, 2026 to undergo a random drug test.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the

present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum imprisonment sentence that may be imposed is 3 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was II. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 6 to 12 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions by submitting urine specimens that tested positive for methamphetamine, failing to successfully complete inpatient treatment, and failing to report for drug testing, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of II, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 4 to 10 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

***Hearing***

On November 3, 2026, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

a sentence of imprisonment for a term of 8 months with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Seagoville

***Findings and Conclusions***

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 8 months with no further term of supervised release. Through an individualized assessment, I determined that no new term of supervised release is warranted. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 8 months with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation

and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 8 months with no further term of supervised release.

So ORDERED and SIGNED this 3rd day of November, 2026.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE